826 F.2d 1072
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dempsey JACKSON, Jr., Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 Appeal No. 87-3226
 United States Court of Appeals, Federal Circuit.
 July 14, 1987.
 
 Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and SMITH, Circuit Judge.
 PER CURIAM.
 
 OPINION
 
 1
 The decision of the Merit Systems Protection Board (board), docket No. SL34438710033, dated November 21, 1986, dismissing the appeal of Dempsey Jackson, Jr. (Jackson), for lack of jurisdiction, is affirmed.
 
 DECISION
 
 2
 Jackson alleges that the board erred in dismissing his appeal because the administrative judge did not specifically mention denial of within-grade increases, which Jackson contends are within the board's jurisdiction. However, 5 U.S.C. Sec. 5335(c) (1982), the statute which gives the board jurisdiction over within-grade increases of federal employees in competitive service, and 5 C.F.R. Sec. 1201.3(a)(2) (1986), which implements that statute, do not apply to preference eligible postal employees. 5 U.S.C. Secs. 5331, 5102; Smyth v. USPS, 31 M.S.P.R. 99, 100 (1986). Therefore, Jackson has failed to show that the board has jurisdiction over his appeal of the denial of within-grade increases as a restoration right.
 
 
 3
 As to his reliance on a right of appeal based on his restoration to duty, Jackson is correct that an employee with restoration rights under 5 U.S.C. Sec. 8151 may appeal an improper restoration to the board. 5 C.F.R. Sec. 353.401(a)(iv). However, the petition must be filed within 20 days after the effective date of the action being appealed. 5 C.F.R. Sec. 1201.22(b). There is no evidence that Jackson appealed his October 3, 1981, restoration to service within the 20-day limit. Therefore, his appeal is untimely.
 
 
 4
 The board also correctly determined that none of the other matters sought to be appealed by Jackson were within its jurisdiction.